**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

IN RE:    Agnes L. Hayes, Debtor                    Case No. 17-04633-JAW
                                                    CHAPTER 13

## APPLICATION TO BE EMPLOYED AS SPECIAL COUNSEL *NUNC PRO TUNC*

COMES NOW, Morgan and Morgan ("Applicant"), by and through undersigned counsel, and pursuant to 11 U.S.C. §327(e) and F.R.B.P. 2014(a), files this Application to be Employed Special Counsel *Nunc Pro Tunc* in the above Chapter 13 bankruptcy case and in support hereof would show unto the Court the following, to wit:

1. That Morgan & Morgan represents that in the administration of the Debtors' estate, it has been determined necessary to employ Special Counsel to provide assistance with the prosecution of the Debtor's personal injury claim.

2. That the Applicant desires to be employed to render services in connection with the claim as Special Counsel in a personal injury claim.

3. That it would be in the best interests of the estate that said firm be employed.

4. That Morgan & Morgan was retained by debtor post-petition in July 2021. This Application was not filed earlier because Morgan and Morgan has only performed investigatory work on the file. Once it was determined that the claim has value, the Application to be Employed as Special Counsel was filed. Further, the bankruptcy case was dismissed and subsequently reinstated shortly after the claim arose.

5. An attorney for the firm has attached his affidavit hereto, stating that the firm is a disinterested party to Debtor's estate. See Exhibit "A".

6. The Order Employing Morgan & Morgan is required *nunc pro tunc* because, as mentioned, Morgan and Morgan has incurred expenses in the amount of $530.30 investigating this claim and will seek reimbursement for these expenses at the time a future settlement is brought before the Court for approval.

7. That no formal demand has been made and a suit has not been filed.

8. That in consideration of said representation, Morgan & Morgan will receive a contingency fee and reimbursement of costs, the total of which will not exceed 50% of the total recovery.

9. The approval of this application will not prejudice any party in interest and could be beneficial to the Debtor's bankruptcy estate if the litigation is successful and the Debtor receives a settlement or a verdict in their favor.

WHEREFORE PREMISES CONSIDERED, Applicant prays that the Court enter an Order authorizing the employment of Morgan & Morgan as Special Counsel for the Debtor under the provisions set forth herein and by Order of this Court.

Respectfully submitted,

Morgan & Morgan, APPLICANT

BY:

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr. (MSBN 103469)
Jennifer A Curry Calvillo (MSBN 104367)
The Rollins Law Firm, PLLC
P.O. Box 13767
Jackson, MS 39236
601-500-5533
trollins@therollinsfirm.com

**CERTIFICATE OF SERVICE**

I, Thomas C. Rollins, Jr., do hereby certify that a true and correct copy of the above Motion to was forwarded on December 1, 2022 to the debtor, creditors, case trustee and U.S. Trustee as indicated in the "21 day notice" that accompanies this Application.

/s/ Thomas C. Rollins, Jr.
Thomas C. Rollins, Jr. (MSBN 103469)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

IN RE: Agnes L. Hayes, Debtor

Case No. 17-04633-JAW
CHAPTER 13

## AFFIDAVIT OF ATTORNEY

STATE OF MISSISSIPPI

COUNTY OF ___Hinds___

John Waits of Morgan and Morgan, being first duly sworn in connection with the application of the Debtor that I be employed as Special Counsel for the above referenced Debtor to perform services in the aforesaid styled and numbered matter, do herby state:

1. That, to the best of my knowledge, I represent no interest adverse to said Debtor, Trustee or the Estate of the Debtor in the matters upon which I am to be engaged and that I am a disinterested party, except as set out below.

2. That, to the best of my knowledge, I have no connection or affiliation with the Debtor, Trustee, creditors, or other parties in interest herein, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee, except as set out below.

3. That said services shall be rendered under a contingent fee agreement.

4. That for the purposes of full disclosure, the following exceptions and notations are made, to-it:

    a. As Special Counsel for Debtor, I will perform legal services in connection with the prosecution of Debtor's post-petition personal injury claim.

FURTHER, AFFIANT SAITH NOT.

Dated this the 30 day of November, 2022.

_____
John Waits

SWORN TO AND SUBSCRIBED BEFORE ME, this the 30 day of November, 2022.

_____
NOTARY PUBLIC